SENTELL, Clerk.
RULE 43, ALABAMA RULES OF JUDICIAL ADMINISTRATION TRANSFER OF FEES WHEN A CASE IS TRANSFERRED TO ANOTHER COURT
Mr. Charles Y. Cameron, Administrative Director of Courts, has submitted to me, as Clerk of the Supreme Court of Alabama, pursuant to Section 6-105, Act No. 1205, Acts of Alabama, 1975 Regular Session, the following inquiry:
Rule 43 of the Alabama Rules of Judicial Administration provides for the transfer of cases to other jurisdictions. In such events, the clerk of the court in which the case was pending shall transfer any fees to the clerk of the court to which the case is transferred. As a practical matter, clerks disburse fees on a monthly basis. With the prepayment of fees in civil cases, what approach should a clerk take when transferring a case pursuant to Rule 43 when the fees have previously been disbursed? It would appear that it would be difficult for the clerk to attempt reimbursement from either the state or the county, so that, in the alternative, it would appear that the only workable approach would be to submit a cost bill indicating that the fees have been paid and disbursed.
It is my opinion that there is no alternative to the transfer of fees as provided in Rule 43, Alabama Rules of Judicial Administration; and in the event the clerk has made a distribution of fees prior to the transfer of the case, a procedure should be devised to reimburse the clerk of the court where the case was filed and to effectuate the transfer of the fees to the court to which the case is transferred.
Rule 43, supra, reads:
After January 16, 1977, the clerk of the court in which a case is filed shall collect and distribute all fees, including service fees and witness subpoena fees, as if service were made within the county, whether the service was made within the county or outside the county. All these fees shall be distributed by the clerk in the county in which the case is filed unless the case is transferred to another court. If the case is transferred to another court because of a change of venue or otherwise, the clerk of the court in which the case is pending shall transfer any fees which he has collected to the clerk of the court to which the case is transferred. Fees in a case which has been transferred shall be distributed by the clerk of the trial court which finally disposes of the case, as if the case had been originally filed in that court.
*561 The effect of the second sentence of the rule is that there should not be a distribution by the court clerk of the county where the case is filed if the case is transferred to another court.
The second sentence of the rule requires the clerk of the court whore the case is pending to transfer any fees which he has collected to the clerk of the court to which the case is transferred.
The third sentence of the rule requires the clerk of the trial court which finally disposes of the case to distribute the fees as if the ease had been originally filed in that court.
Rule 43 should be read in connection with Rule 4(H), Alabama Rules of Judicial Administration, which provides as follows:
(H) The clerk and register shall, periodically, but in no event less than once a month, not later than the tenth day of each month, remit all fines, forfeitures and costs of court, including prepaid docket fees, to the official designated to receive such at the municipal, county and state level, as provided by law or rule; provided, that on September 25 of each year, the clerk or register shall remit all fines, forfeitures and costs of court, including prepaid docket fees, to the official designated to receive such at the municipal, county and state level, as provided by law or rule.
Thus, Rule 43, supra, does not contemplate a delay in distributing the fees until it has been determined that there will be no transfer. Therefore, it is necessary to provide a way to transfer and distribute the fees as provided by Rule 43 when the fees have been distributed prior to the transfer of a case.